# IN THE U.S. DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

Case #



FILED IN CLERK'S OFFICE
U.S.D.C.- Atlanta

AUG 16 2021

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

Alexander Harvin,
          Plaintiff

Jury Demand

Vs.
JPMorgan Chase Bank, N.A.
Nationwide Title Clearing,
Wargo & French, L.P.
Kutak Rock, L.P
Aldridge Pite, L.P.
          Defendants
_____/

**1:21-CV-3355**

## CIVIL COMPLAINT FOR MONEY DAMAGES AND OTHER RELIEF

Plaintiff institutes this action for actual damages, statutory damages, punitive

damages, paralegal fees, and the cost of this action against each Defendant named

herein for violations of the Racketeer Influenced and Corrupt Organizations Act,

18 U. S. C. § 1961, et, seq., the Georgia Racketeer Influenced and Corrupt

Organization Act, OCGA 16-14-4, and for civil conspiracy associated with a

foreclosure action.

I.     **JURISDICTION**

This Court has jurisdiction pursuant to RICO, 18 U. S. C § 1964 (a) & (c), 28 U. S. C. § 1331 and 1337. This Court has supplemental jurisdiction over state law claims pursuant to 28 U. S. C. § 1367.

II.    **PARTIES**

- Plaintiff Alexander Harvin is a natural person currently residing within this Court's jurisdiction at 3487 Willow Tree Circle, Douglasville, Ga. 30135.

- Defendant JP Morgan Chase Bank, N.A., is a national association that does business within the State of Georgia.

- Defendant Nationwide Title Clearing is a Florida corporation that drafts Assignments and record the same in the public land records of Georgia.

- Defendant Wargo French, L.P., is a law firm that has represented Defendant Chase in pre-foreclosure litigation.

- Defendant Kutak Rock, L.P., is a law firm that has represented Defendant Chase in post- foreclosure proceedings.

- Defendant Aldridge Pite is a law firm hired by Chase to initiate foreclosure of property owned by Plaintiff.

1   • At all times relevant to this complaint each defendant is and was a person as

2      defined under RICO in 18 U.S.C. § 1961 (3).

3   **III  FACTUAL ALLEGATIONS**

4   1. Plaintiff incorporates all other paragraphs in this Complaint by reference as

5      though fully rewritten herein.

6   2. In 2011 Plaintiff filed suit against Southtrust Mortgage Corporation, Chase,

7      and others. Wells Fargo Bank, N.A., appeared as successor by merger to

8      Wachovia Bank, N.A., successor by merger to Southtrust Mortgage

9      Corporation. (Hereafter SMC). See Exhibit One page one

10  3.Wells Fargo filed a motion to dismiss with an amended brief in support— at

11  the conclusion on page 7 Wells Fargo admits: **"Dismissal of this case against**

12  **Wells Fargo is proper because Plaintiff [Harvin] stated no valid claim**

13  **against Wells Fargo and because Wells Fargo no longer maintains an**

14  **interest in the subject [Harvin's] property." See Exhibit One page 7**

15  4. In light of this admission, in 2013 Plaintiff filed a quiet title action against

16  MERS in State Court on the basis that MERS was holding a secured lien

17  interest against my property for a party that no longer had a secured interest in

18  my property. Defendant Wargo French was retained by Chase to represent

19  MERS.

20                                              3

1    Wargo French filed a motion to dismiss for lack of jurisdiction, arguing that

2    according to the Security Deed Plaintiff was in debt to SMC. The trial court

3    dismissed the case.

4  5. Within a matter of weeks Defendant Chase hired Nationwide Title Clearing

5  (hereafter NTC) and instructed NTC to draft an Assignment that appears to give

6  Chase a secured interest in my property and record the same in the public land

7  records. After the Assignment was recorded in the public land records Wargo

8  French notified Plaintiff by mail and provided a copy of the Assignment.

9

10  6. In 2016 Plaintiff filed suit against NTC in State Court, NTC filed a motion to

11  dismiss or in the alternative summary judgment admitting: (1) NTC input

12  information provided to NTC by Defendant Chase, into an Assignment document

13  template,(2) at the request of Chase, on or about September 30, 2013, NTC and

14  Erika Lance input information into a template, resulting in a Assignment of

15  Security Deed, finally on page nine of their pleading NTC admits (3) **"The**

16  **Assignment was between Mortgage Electronic Registration System (MERS)**

17  **as nominee for Southtrust and Chase...The Assignment was not intended for**

18  **the benefit of Harvin; rather , it was clearly intended for the benefit of MERS**

19  **as nominee for Southtrust and Chase."**  **See Exhibit Two Page 1, 2, 9**

20                                    4

1   7. As noted afore in 2011, Wells Fargo as successor to Southtrust Mortgage

2   Corporation admitted that as the successor it [Wells Fargo] had no interest in

3   property owned by the Plaintiff. The Assignment written by NTC in 2013 and

4   recorded in public land records bears false content and was written with the intent

5   of depriving Plaintiff of his property—a secured interest in my property was **never**

6   **transferred to Defendant Chase.**

7   8. Defendant Wargo French conspired with Chase to deprive Plaintiff of his

8   property by intentionally misrepresenting crucial facts to state court judges and to

9   this Court in pre-foreclosure litigation. Wargo French repeatedly argued that the

10  Assignment was a contract that could not be challenged by Plaintiff—Wargo

11  French knew that at the time the Assignment was drafted and recorded in the land

12  records that Southtrust Mortgage Corporation did not have a secured interest in my

13  property.

14

15

16

17

18

19

20

5

9. Defendant Alridge Pite was retained by Chase to conduct a non-judicial foreclosure. Aldrige Pite knew or should have known that Defendant Chase did not have a secured interest in my property—but elected to follow thru with foreclosure in March 2018, my property was foreclosed—I lost my home, personal property, and sentimental items from deceased parents, etc.

10. Defendant Kutak Rock has conspired with Chase to deprive Plaintiff of his property. Post foreclosure Kutak Rock has argued to the Superior Court, Ga. Court of Appeal, and the Ga. Supreme Court that the foreclosure is valid. Kutak Rock has argued that the Assignment is valid, and that Plaintiff has no standing to challenge the Assignment. Kutak Rock knew or should have known that their client, JP Morgan Chase Bank, N.A., has never retained a secured interest in my property.

11. JP Morgan Chase Bank, N. A., has never paid value for the right to enforce a secured interest in my property as mandated by OCGA 11-9-203(b).

12. MERS has **never** transferred or attempted to transfer a secured interest in my property to Chase.

6

1    **III.    COUNT ONE**

2    Plaintiff incorporates all other paragraphs in this Complaint by reference as

3    though fully rewritten herein.

4    13. Each Defendant is liable to Plaintiff under the Racketeer Influenced and

5    Corrupt Organizations Act, 18 U.S.C. § 1961, et.seq., (RICO).

6    14. Each Defendant assisted in, implemented, and / or took part in the actions

7    described herein that culminated in the March 2018, foreclosure of Plaintiff's

8    property.

9    15. Each Defendant used the Superior Court of Rockdale County, Georgia Court

10   of Appeals, Georgia Supreme Court, U. S. District Court, Federal Eleventh Circuit

11   Court of Appeals in the furtherance of their actions described herein.

12   16. Each Defendant acted with other entities with respect to depriving Plaintiff of

13   property, Defendants are and were each a person as defined in 18 U.S.C. § 1961

14   (3), at all times relevant to this complaint.

15   16. The ongoing association of each JP Morgan Chase Bank, N. A., and its agents

16   and employees, Aldridge Pite and its agents and employees, Wargo French, its

17   agents and employees, Nationwide Title Clearing, its agents and employees,

18   Kutak Rock, its agents and employees, are linked by their actions described herein

19   sufficiently form an enterprise as defined in 18 U.S.C. § 1961(4).

20                                         7

17. Additionally Each Defendants use of Rockdale County Superior Court, Georgia Court of Appeal, Georgia Supreme Court, U.S. District Court, Eleventh Circuit Court of Appeals, to intentionally mislead these courts in the furtherance of their intent to deprive Plaintiff of real and personal property sufficiently link them to an enterprise as defined in 18 U.S.C. § 1961(4).

18. Each Defendant are and were each a legal organization or natural person that engaged in activities which affect interstate commerce at all times relevant to their actions.

19. Each Defendant are and were engaged in racketeering activity as defined in 18 U.S.C. § 1961 (1).

20. Defendants Chase, Wargo French, and Nationwide Title Clearing unlawfully executed, or caused to be executed, the Assignment with the Rockdale County Clerk of Court on September 30, 2013, recorded in the public land records on October 11, 2013, at 12:35pm, document ID# 896939000.

21. As of the date of this Complaint, the Assignment remains recorded in the Rockdale County land records in its original form.

8

21. Each Defendant is currently and were engaged in a pattern of racketeering

activity as defined in 18 U. S. C. §1961(5), at all times relevant to this complaint.

22. Each Defendant has communicated with Plaintiff, with each other, and with the

Rockdale County Superior Court, Georgia Court of Appeal, Georgia Supreme

Court, U. S. District Court, Eleventh Circuit Court of Appeals, via mail, telephone,

wire, and electronic mail, communications within a ten-year period immediately

preceding the date of this Complaint,

23. Each Defendant has acted in the following manner, which were devised and

implemented as a scheme to defraud Plaintiff:

- Drafting and executing the Assignment.

- Recording the Assignment with the Rockdale County Clerk of Court.

- Filing legal pleadings relying on the Assignment to demonstrate, amongst
  other things the legality of the Foreclosure by Defendant Chase.

- Seeking judgment in favor of Chase and /or Nationwide Title Clearing in
  those legal actions relying in part on the Assignment; and

- Obtaining judgment in favor of Chase in those legal actions where the court
  relied in part on the Assignment.

- Opposing any legal actions filed by Plaintiff.

9

24. Each Defendant's conduct described herein constitutes unlawful conduct, including that conduct devised and implemented to defraud Plaintiff.

25. Each Defendant's representations to the Rockdale Superior Court, Georgia Court of Appeals, Georgia Supreme Court, U. S. District Court, Eleventh Circuit Court of Appeals, about the legality and truthfulness of, and that the Assignment was a contract were not true.

26. Each Defendants representations were material to the scheme to defraud Plaintiff, and to defraud the Rockdale Superior Court, Georgia Court of Appeals, Georgia Supreme Court, U.S. District Court, and Eleventh Circuit Court of Appeal.

27. Each Defendant communicated their representations using the U.S. Postal Office.

28. Each Defendant communicated their representations to Plaintiff, and the referenced others, more than four times using interstate commerce.

29. Each Defendant communicated with the courts mentioned afore more than four times using the internet during the times relevant to this complaint.

30. Each Defendants actions, both individually and collectively, amongst themselves, with Plaintiff, and with the aforenamed courts constitute a pattern of racketeering conduct.

10

31. Each Defendant used false or fraudulent pretenses, representations to the courts, to deprive Plaintiff of property, and as part of a scheme or artifice to mis represent important facts to the aforesaid courts.

32. Defendants actions described herein constitute fraud by wire, radio, or television under 18 U.S.C. § 1343.

33. Defendants actions described herein constitute fraud and swindles under 18 U. S. C. § 1341.

34. The actions of each Defendant individually and collectively are continuous and pose a threat of repetition extending indefinitely into the future.

35. Nationwide Title Clearing has executed or caused to be executed, other impossible Assignments in the State of Georgia to support non-judicial foreclosure, any Assignments executed on behalf of Southtrust Mortgage Corporation after 2008 are questionable.

36. Each Defendant took action defined in this Count in furtherance of a scheme to defraud Plaintiff and were taken in an effort to defraud Plaintiff of property and or money.

11

37. Each Defendant took the action defined herein with the knowledge that their actions would result in the taking of Plaintiff's property through foreclosure and sale on the courthouse steps and they could not establish a right to using the Assignment, law firms were hired and instructed by Chase to prevent discovery and challenge to the Assignment by Plaintiff.

38. Plaintiff was injured by Defendants RICO violations, including by having to bring legal action to contest the fraudulent Assignment, for facing potential multiple liabilities from others who may claim an interest in the mortgage or note, for clouding Plaintiff's property title with the filing of the fraudulent Assignment, for wrongfully foreclosing on his interest in his property, and for other actions described herein.

39. Each Defendant is and were the actual proximate cause of Plaintiff's injuries and each are liable to him under this Count.

12

## IV.   COUNT TWO VIOLATION OF GEORGIA RICO

Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully rewritten herein.

40. Plaintiff alleges and states that each paragraph of Count One is also a violation of the Georgia RICO Act.

## V. COUNT THREE CIVIL CONSPIRACY

Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully rewritten herein.

41. Defendants Chase, Nationwide Title Clearing, and Wargo French, agreed to execute the Assignment knowing it contained false representations.

42. Defendants Kutak Rock, in agreement with Defendant Chase agreed to represent to the courts cited herein that the Assignment was a contract that Plaintiff could not challenge, to prevent the courts from authorizing discovery, knowing that the Assignment contained false representations.

43. Employees of Defendant Nationwide Title Clearing and / or Defendant Chase signed the Assignment on September 30, 2013, without any due diligence to ascertain whether the factual assertions within the Assignment were correct.

44. Accordingly, Defendants Chase, Nationwide Title Clearing, and Wargo French conspired to commit the tort and crime of falsification. Their actions of conspiring to commit the tort and crime of falsification are an unlawful act, which was independent from the actual conspiracy.

45. As a result of Defendant Chase, Nationwide Title Clearing, and Wargo French agreement to execute the Assignment and the resultant falsification, Plaintiff suffered damages that exceed $150,000 and damages for emotional distress.

46. Defendant Aldridge Pite conspired with Defendant Chase to foreclose on Plaintiff's property. Aldridge Pite failed to engage due diligence and knew or should have known that the Assignment was falsified and did not transfer a secured interest to Chase.

47. Defendant Aldridge Pite failed to ascertain whether Defendant Chase had paid value for the right to enforce a secured interest in Plaintiff's property, prior to forclosing on Plaintiff's property-this is a condition precedent to foreclosure in Georgia.

14

## VI.    PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays the Court:

48. Assume jurisdiction of this case.

49. Award Plaintiff the maximum damages available under each Count.

50. Award Plaintiff actual damages in the amount of $150,000, plus an amount a jury determines adequate compensation for Plaintiff's emotional damages, pursuant to 18 U.S.C. § 1964 (c), and the Georgia RICO Act.

51. Award Plaintiff treble damages in the amount of $450,000, pursuant to 18 U.S.C. § 1964 (c).

52. Award Plaintiff paralegal fees and costs of this action pursuant to the Federal RICO Act, and the Georgia RICO Act.

53. Award Plaintiff punitive damages.

54. Award Plaintiff actual damages in the amount of $150, 000, pursuant to Count Three-Civil Conspiracy.

55. Declare the Assignment of Security Deed void ab initio.

56. Declare that any Assignment of Security Deed signed by MERS or any other entity after 2011 is void ab initio.

56. Issue an Order requiring Defendants to take corrective action with any court to which they have alleged that the 2013 Assignment is a legal transfer of a secured

15

1 | interest, at a minimum provide those respective courts, and the Rockdale County

2 | Clerk of Court---public land records, notification of this case and this Court's

3 | declarations.

4 | 57. Issue an injunction preventing Defendants from filing any assignment of

5 | mortgage with any recorder that does not contain a proper chain of title.

6 | 58. Issue an order requiring Defendants to remove the current Assignment of

7 | Security Deed and Deed Under Power from the title of the Plaintiff's property.

8 | 59. Award such other relief the Court deems appropriate, including further

9 | declaratory relief.

10 | Dated this 12th day of August 2021.

11 |

12 | _____

  | ALEXANDER HARVIN
13 | In Pro Se
  | P. O. Box 82665
14 | Conyers, Ga. 30013
  | (770) 841-0784
15 | legalvisionllc@gmail.com

16 |

17 |

18 |

19 |

20 |                    16

# EXHIBIT ONE

FILED IN OFFICE
CLERK SUPERIOR CT
ROCKDALE CO., GA.

**IN THE SUPERIOR COURT OF ROCKDALE COUNTY**    2011 AUG -4   AM 10: 13
**STATE OF GEORGIA**

Ruth A. Wilson CLERK

**ALEXANDER HARVIN,**

    **Plaintiff,**

v.

**SOUTHTRUST MORTGAGE CORP.,**
**MORRIS & SCHNEIDER, P.C.,**
**REPUBLIC TITLE INSURANCE,**
**J.P. MORTGAGE CHASE**

    **Defendants.**

**Civil Action File No.**
**2011-CV-1589N**

## AMENDED BRIEF IN SUPPORT OF DEFENDANT SOUTHTRUST MORTGAGE CORP.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

COMES NOW Wells Fargo Bank, N.A. successor by merger to Wachovia Bank, N.A. successor by merger to Southtrust Mortgage Corp. ("Wells Fargo"), through its undersigned counsel and amends its previously filed Brief in Support of this Motion to Dismiss, (the "Brief"), as follows:

### INTRODUCTION

Plaintiff Alexander Harvin ("Plaintiff") is a borrower who defaulted in repayment of his mortgage loan. The present lawsuit filed by Plaintiff fails to plead any cognizable cause of action. It appears to be a desperate attempt to delay the foreclosure sale, in order to frustrate Plaintiff's lender from exercising its rights under the mortgage loan note and security deed. However, Plaintiff fails to plead any valid claims against Wells Fargo and Plaintiff's claims against it must be dismissed.

### FACTS

Plaintiff purchased the property at issue in this dispute, 941 Cochise Trail SE, Conyers, GA 30094 (the "Subject Property"). The Warranty Deed evidencing title of the Subject Property

1

to Plaintiff is attached hereto as **Exhibit "A"** and is recorded at Deed Book 2741, Page 0246 Rockdale County Records.[1]   On or about May 29, 2003 Plaintiff executed a Security Deed ("Security Deed") for the Subject Property in favor of Mortgage Electronic Registration Services ("MERS"), which is attached hereto as **Exhibit "B"** and is recorded at Deed Book 2741, Page 248, Rockdale County Records.   The Security Deed was in the original principal amount of \$98,940.00.  See Exhibit "B", at p. 2.  The Subject Loan was last transferred to the Government National Mortgage Association and is currently serviced by J. P. Morgan Chase.

Plaintiff's Complaint fails to actually plead any viable cause of action against Wells Fargo.  Therefore, Plaintiff's Complaint must be dismissed pursuant to O.C.G.A. § 9-11-12(b)(6).

## STANDARD OF REVIEW

O.C.G.A. § 9-11-12(b) provides that certain defenses may be presented to the court by a motion in writing, including insufficiency of service and a failure to state a claim upon which relief can be granted.  In Mooney v. Mooney, 235 Ga. App. 117 (1998), the Court of Appeals reiterated the following standard of review for a motion to dismiss for failure to state a claim:

> A motion to dismiss for failure to state a claim upon which relief may be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof, and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought.  In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor.

Id.

---

[1] This Court may take judicial notice of the physical records on file in its own Court; here, the Clerk of the Superior Court of Rockdale County. See Petkas v. Grizzard, 252 Ga. 104, 312 S.E.2d 107 (1984).  For the convenience of the Court, copies of the recorded instruments are attached hereto.

A NCS 2229087 v1
2780973-001124 08/02/2011

A complaint should be dismissed on motion if clearly without merit. "[T]his want of merit may consist in an absence of law to support a claim of the sort made, or of facts sufficient to make a good claim, or in the disclosure of some fact which will necessarily defeat the claim. . . ." Poole v. City of Atlanta, 117 Ga. App. 432, 434 (1968). Despite the liberal construction given pleadings, however, unwarranted deductions of fact are not permitted, and the Court should not infer or conjure up facts which might support a plaintiff's claim. Pugh v. Frank Jackson Lincoln-Mercury, Inc., 151 Ga. App. 320, 322 (1979). Under this standard, each of the claims in this case should be dismissed.

## ARGUMENT AND CITATION TO AUTHORITY

### I.     Plaintiff's Conspiracy Theory Entitles Him To No Relief Against Wells Fargo.

Plaintiff's Complaint contains no specific allegation that Wells Fargo committed any wrongdoing against Plaintiff for which Plaintiff is entitled to recover. Instead, Plaintiff levels a bizarre attack against Mortgage Electronic Registration Systems, Inc. ("MERS") as well as the entire mortgage lending industry. Plaintiff's theory appears to be that the MERS is "illegal under Georgia law" in that it is part and parcel of a scheme to deprive local governments of transfer fees. Complaint, ¶62. Plaintiff has not named MERS as a defendant to this lawsuit, however, and he never explains: (a) how his allegations have any effect on his responsibility to repay his mortgage loan; or (b) why Wells Fargo should be held liable as a result of alleged misconduct by MERS.

Even though Georgia's pleading statute is broad, at the very least the plaintiff must provide "[a] short and plain statement of the claims showing that the pleader is entitled to relief." O.C.G.A. §9-11-8(a)(2)(A). Beyond Plaintiff's generic conspiracy theories, he includes no specific allegation of wrongdoing committed by Wells Fargo upon which he is entitled to relief. As a result, Plaintiff's conspiracy theory-style allegations cannot support any claim against Wells

3

Fargo and that, as a result, Plaintiff's lawsuit should be dismissed.

## II.    Plaintiff Has No Right To Declaratory Relief.

Plaintiff also seeks declaratory relief. He is not entitled to a declaratory judgment, however, because Plaintiff is seeking an improper advisory opinion from this Court regarding a mortgage loan upon which he has already defaulted. All of Plaintiff's various requests for declaratory relief are regarding the mortgage loan at issue in this dispute.

In order to raise a claim for a declaratory judgment, Plaintiffs must be "in need of direction with respect to **future conduct** which might increase [his] liability or otherwise affect [his] interest." Bus. Software v. Info. Assoc., 201 Ga. App. 565, 566, 411 S.E.2d 565 (1991) *emphasis added*, see also City of Summerville v. Sellers, 82 Ga.App. 361, 61 S.E.2d 160 (1950). A declaratory judgment is authorized only where there are "circumstances showing [a] necessity for a determination of the dispute to **guide and protect the plaintiff from uncertainty and insecurity with regard to the propriety of some future act or conduct**, which is properly incident to his alleged rights and which if taken without direction might reasonably jeopardize his interest." Morgan v. Guar. Nat.'l Cos., 268 Ga. 343, 344, 489 S.E.2d 803 (1997) (emphasis added); O.C.G.A. § 9-4-2. Where the rights of the parties have already accrued and the party seeking the declaratory judgment does not risk taking future undirected action, a declaratory judgment would be "advisory," Newsome v. Brown, 252 Ga. 421, 422, 314 S.E.2d 225 (1984), and "the Declaratory Judgments Act makes no provision for a declaratory judgment which is merely advisory." King v. Peagler, 227 Ga. 29, 32, 178 S.E.2d 897 (1970). Here, Plaintiff does not dispute that he obtained the mortgage loan at issue, that he executed a Security Deed containing a power of sale and identifying MERS as the grantee. Moreover, he has already defaulted on his mortgage loan by failing to repay amounts due and owing and Plaintiff has made

4

no allegation that multiple entities are demanding payment. For these reasons, Plaintiff is in need of no direction as to any future conduct, and he is therefore not entitled to a declaratory judgment under Georgia law.

## III.  Plaintiff Failed to Plead a Claim for Conversion.

Plaintiff makes vague allegations that "Defendants" committed conversion involving the Subject Property; however, this claim fails against Wells Fargo because Plaintiff has failed to plead any of the elements for a claim of conversion nor has he plead any facts supporting such a claim.

In Georgia, "[t]he tort of conversion involves an unauthorized assumption and exercise of the right of ownership over personal property belonging to another, in hostility to his rights; an act of dominion over the personal property of another inconsistent with his rights; or an unauthorized appropriation." Blakey v. Victory Equipment Sales, Inc., 259 Ga.App. 34, 37, 576 S.E.2d 288, 292 (2002) (internal quotation marks and citations omitted). "To establish a prima facie case for conversion, the plaintiff must show title to the property in the plaintiff, possession by the defendant, demand for possession, and refusal to surrender the property, or an actual conversion prior to the filing of the suit." Habel v. Tavormina, 266 Ga.App. 613, 615, 597 S.E.2d 645, 648 (2004). However, basis of a conversion action must be that exercise of dominion must be wrongfully asserted. Kline v. Atlanta Gas Light Co., 246 Ga.App. 172, 173, 538 S.E.2d 93, 94 (2000). Therefore, a conversion claim may not be maintained against a party with a right to assert ownership over the personal property. Id.

Here, there is no dispute that Plaintiff executed a security deed which provided his lender with a secured interest in the property at issue, that the security deed contained a power of sale permitting his lender to accelerate the Subject Loan, or that he defaulted in repayment of the loan. It is thus abundantly clear from the deed records alone that Plaintiff has stated no valid

5

Case 1:21-cv-03355-MHC Document 1 Filed 08/16/21 Page 23 of 40

claim for actionable conversion against Wells Fargo, or any other defendant. Because Plaintiff has utterly failed to plead any of these elements in his complaint, his conversion claim must be dismissed.

## IV. Plaintiff's Conspiracy Claim Fails On Its Face

Plaintiff mentions "conspiracy" in his Complaint; however, he utterly fails to plead any semblance of a conspiracy claim against Wells Fargo.

To prevail on a claim for civil conspiracy, "a plaintiff must show that two or more persons, acting in concert, engaged in conduct that constitutes a tort." Mustaqueem-Graydon v. SunTrust Bank, 573 S.E.2d 455, 461 (Ga. App. 2002). "[T]he gravamen or gist of the action for a civil conspiracy is not the conspiracy itself, but the underlying wrong or tort which, absent the conspiracy, would give rise to a right of action." 15A C.J.S. Conspiracy §8; see Mustaqeem-Graydon, 573 S.E.2d at 461 ("Absent the underlying tort, there can be no liability for civil conspiracy.") (citation omitted). Thus, a civil conspiracy action requires the commission of an underlying tort, as well as a conspiracy to commit that tort – that is, an agreement to commit the tort. See American United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1065 (11th Cir. 2007). Plaintiff, however, fails to allege facts supporting his entitlement to a recovery for any underlying tort. Therefore Plaintiff's Claim for Conspiracy must be dismissed.

## V. Plaintiff's Assertion That He Revoked the Power of Attorney is Meritless.

Plaintiff also alleges that he has somehow revoked the power of attorney contained in his Security Deed. Under Georgia law, a mortgage debtor cannot unilaterally modify a Security Deed or revoke the limited power of attorney by which its lender is entitled to foreclose. "[I]t is elemental that it is not possible to have a unilateral modification of a contract previously entered into between the parties." Goldstein v.

6

A NCS 2229087 v1
2780973-001124 08/02/2011

Ipswich Hosiery Co., 104 Ga.App. 500, 520, 122 S.E.2d 339, 354-355 (1961); see also American Exp. Travel Related Services Co., Inc. v. Berlye, 202 Ga.App. 358. 414 S.E.2d 499 *1991). Plaintiff has no authority to unilaterally modify the Security Deed and all claims related to this allegation should be should be dismissed with prejudice.

## CONCLUSION

This action should be dismissed against Wells Fargo. Dismissal of this case against Wells Fargo is proper because Plaintiff stated no valid claim against Wells Fargo and because Wells Fargo no longer maintains an interest in the Subject Property. Defendant Wells Fargo asks that this Court look past the vague allegations of Plaintiff's Complaint and recognize Plaintiff's suit for what it is—just an effort to delay his lender from exercising its rights and remedies under the security instrument. Wells Fargo asks the Court to dismiss Plaintiff's Complaint *in toto.* This Court should not reward Plaintiff for his dilatory conduct and misuse of the Georgia court system.

Respectfully submitted this 3rd day of August, 2011

| | **BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC** |
|---|---|
| Suite 1600, Monarch Plaza | |
| 3414 Peachtree Rd. NE | |
| Atlanta, Georgia 30326 | Linda S. Finley |
| Ph. 404-577-6000 | Georgia Bar No. 261515 |
| Fax 404-221-6501 | Dylan W. Howard |
| Email: lfinley@bakerdonelson.com | Georgia Bar No. 370267 |
| Email: dhoward@bakerdonelson.com | Natalie C. Suhl |
| Email: nsuhl@bakerdonelson.com | Georgia Bar No. 774164 |
| | *Attorneys for Defendant Wells Fargo* |

7

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the Plaintiff in the foregoing matter with a

copy of the **AMENDED BRIEF IN SUPPORT OF SOUTHTRUST MORTGAGE CORP.'S**

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT** by U.S. Mail as follows:

Alexander Harvin
P.O. Box 82665
Conyers, Georgia 30013

Steven V. Kern, Esq.
Kitchens Kelley Gaynes, P.C.
Eleven Piedmont Center, Suite 900
3495 Piedmont Road, N.E.
Atlanta, Georgia 30305

This 3rd day of August 2011.

Natalie C. Suhl
Georgia Bar No. 774164
*Attorneys for the Wells Defendants*

**BAKER, DONELSON, BEARMAN,**
**CALDWELL & BERKOWITZ, PC**
Suite 1600, Monarch Plaza
3414 Peachtree Rd. NE
Atlanta, Georgia 30326
Ph. 404-577-6000
Fax 404-221-6501
Email: nsuhl@bakerdonelson.com

A NCS 2229087 v1
2780973-001124 08/02/2011

# EXHIBIT TWO

## IN THE SUPERIOR COURT OF ROCKDALE COUNTY
## STATE OF GEORGIA

|                                           |    |                        |
|-------------------------------------------|----|------------------------|
| ALEXANDER HARVIN,                         | §  |                        |
|                                           | §  |                        |
|                                           | §  |                        |
| Petitioner,                               | §  |                        |
|                                           | §  | CIVIL ACTION           |
| v.                                        | §  | FILE NO. 2016-CV-1850  |
|                                           | §  |                        |
|                                           | §  |                        |
| NATIONWIDE TITLE CLEARING, INC.,          | §  |                        |
| ERIKA LANCE, ALL PERSONS KNOWN            | §  |                        |
| OR UNKNOWN WHO MAY CLAIM                  | §  |                        |
| ADVERSELY TO PETITIONER'S TITLE           | §  |                        |
| TO REAL PROPERTY KNOWN AS 941             | §  |                        |
| COCHISE TRAIL, LOT 3 UNIT TWO OF          | §  |                        |
| INDIAN RIDGE SUBDIVISION,                 | §  |                        |
|                                           | §  |                        |
| Respondents.                              | §  |                        |

## BRIEF IN SUPPORT OF NATIONWIDE TITLE CLEARING, INC. AND ERIKA LANCE'S MOTION TO DISMISS, OR ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT

**COMES NOW** Nationwide Title Clearing, Inc. (hereinafter "NTC") and Erika Lance

(hereinafter "Lance"), and file this, Brief in Support of Nationwide Title Clearing, Inc. and Erika

Lance's Motion to Dismiss, or Alternatively, Motion for Summary Judgment, showing the Court

as follows:

### I. INTRODUCTION AND PROCEDURAL HISTORY

Petitioner Alexander Harvin's (hereinafter "Harvin") Petition to Establish Title Against

All the World and Amended Petition to Establish Title Against All the World (hereinafter

collectively "the Complaint") do not state a claim against NTC or Lance. NTC did nothing more

than input information, provided to NTC by JPMorgan Chase Bank, N.A. (hereinafter "Chase"),

into an Assignment document template. Said template is reviewed annually by Georgia counsel.

NTC was simply a scrivener. Harvin has no cognizable claim against NTC or Lance.

More importantly, Harvin has already previously filed suit in the United States District Court for the Northern District of Georgia, CAFN 1:14-CV-2130-TCB, and the court dismissed Harvin's suit with prejudice, finding that Harvin had asserted no cognizable claims against either NTC or Lance. The Eleventh Circuit has affirmed the dismissal.

Dismissal and/or summary judgment in favor of NTC and Lance is proper.

## II.    STATEMENT OF FACTS

NTC is a privately held company that provides administrative and documentary services to residential mortgage lenders, lienholders and servicers including document creation, execution, and recordation. (See the Affidavit of Myron G. Finley, hereinafter "Finley Aff.," Paragraph 3). However, NTC does not provide documents to lenders, lienholders and/or servicers that set forth factual allegations for use in foreclosures, nor does it provide administrative or other services in foreclosure matters on behalf of lenders, lien holders, or servicers. (Finley Aff., Paragraph 4). Lance is an employee at NTC. (Finley Aff., Paragraph 5).

On or about May 29, 2003, Harvin executed a Security Deed (hereinafter "the Deed") in favor of SouthTrust Mortgage Corporation (hereinafter "SouthTrust"), which said Deed was filed on June 25, 2003, in the Office of the Superior Court of Rockdale County, at Deed Book 2741, Page 248. (See Deed, a certified copy of which is attached hereto as Exhibit "A").

At the request of Chase, on or about September 30, 2013, NTC and Lance input information into a template, resulting in an Assignment of Security Deed (hereinafter "the Assignment"). (See Assignment, a certified copy of which is attached hereto as Exhibit "B") (Finley Aff., Paragraph 6).

The above paragraph covers the extent of NTC's and Lance's involvement in the matter. At no time has NTC or Lance claimed an interest in the underlying property or loan documents,

or taken any action to foreclose upon the underlying property or collect upon a debt. (Finley Aff., Paragraph 7). Neither NTC nor Lance has received any funds from Harvin, nor has NTC or Lance ever requested funds from Harvin. (Finley Aff., Paragraph 8). At no time has NTC or Lance participated in any effort to collect funds or payments from Harvin. (Finley Aff., Paragraph 9). At no time has NTC or Lance participated in any foreclosure of the underlying property. (Finley Aff., Paragraph 10).

**Harvin's Previous Rockdale Suit**

On January 28, 2013, Harvin filed a petition to quiet title in the Superior Court of Rockdale, Civil Action File No. 2013-CV-1120M against Chase and others arising out of the Deed, the Assignment, and Chase's apparent intent to foreclose (hereinafter "the Previous Rockdale Complaint") . (See Previous Rockdale Complaint, a certified copy of which is attached hereto as Exhibit "C"). The Court dismissed Harvin's Previous Rockdale Complaint with prejudice. (See Dismissal, a certified copy of which is attached hereto as Exhibit "D").

**Harvin's Previous Federal Suit**

On July 3, 2014, Harvin filed a Complaint against NTC and Lance, among others, in the United States District Court for the Northern District of Georgia, Alexander Harvin v. Nationwide Title Clearing, Inc., JP Morgan Chase, N.A., Wargo French, LLP, Barbara Watkins, Erika Lance, Latoya Jackson, David Pernini, Dustin Sharpes, Shannon McGinnis, and Tommy Nelson, Civil Action File No. 1:14-CV-2130 (hereinafter "the Federal Action"). (See Federal Action Complaint, a certified copy of which is attached hereto as Exhibit "E"). In his Federal Action Complaint, Harvin set forth the same set of operative facts which he asserted in the Complaint in the above-styled action. (See Exhibit "E" hereto). Harvin filed a First Amended

Complaint in the Federal Action on July 15, 2014. (See First Amended Complaint, a certified copy of which is attached hereto as Exhibit "F").

On November 10, 2014, United States Magistrate Judge Janet F. King (hereinafter "Judge King") filed her Order and Non-Final Report and Recommendation (hereinafter "Judge Baverman's Recommendation"). (See United State Magistrate Judge's Order and Final Report and Recommendation, a certified copy of which is attached hereto as Exhibit "G"). In her 39 page opinion, Judge King recommended that each of Harvin's claims be dismissed with prejudice. (See Exhibit "G" hereto).

On November 13, 2014, Harvin filed a Request to File Second Amended Complaint in the Federal Action. (See Request to File Second Amended Complaint, a certified copy of which is attached hereto as Exhibit "H").

On January 28, 2015, Judge Mark H. Cohen issued his Order Adopting Report and Recommendation, dismissing Harvin's claims with prejudice, and denying Harvin's Request to File Second Amended Complaint. (See Order, a certified copy of which is attached hereto as Exhibit "I").

On February 24, 2015, Harvin filed a Motion for Amended or Additional Findings. (See Motion for Amended or Additional Findings, a certified copy of which is attached hereto as Exhibit "J"). On March 9, 2015, Judge Cohen issued his Order denying Harvin's Motion for Amended or Additional Findings. (See Order, a certified copy of which is attached hereto as Exhibit "K").

Harvin filed a Notice of Appeal on March 24, 2015. (See Notice of Appeal, a certified copy of which is attached hereto as Exhibit "L"). On January 28, 2016, the Eleventh Circuit

affirmed the Northern District's Order dismissing Harvin's claims with prejudice. (See Order, a certified copy of which is attached hereto as Exhibit "M").

On February 9, 2016, Harvin filed a Petition for Rehearing En Banc. (See Petition for Rehearing En Banc, a certified copy of which is attached hereto as Exhibit "N"). On March 31, 2016, the Eleventh Circuit denied Harvin's Petition for Rehearing En Banc. (See Order, a certified copy of which is attached hereto as Exhibit "O").

On April 5, 2016, Harvin filed a Motion to Stay or Recall Mandate, stating that he intended to petition for certiorari to the United States Supreme Court. (See Motion to Stay or Recall Mandate, a certified copy of which is attached hereto as Exhibit "P"). The Eleventh Circuit granted a stay until June 29, 2016. (See Order, a certified copy of which is attached hereto as Exhibit "Q").

Harvin did not petition for certiorari, and the Northern District's Order of dismissal is now final.

## III.   ARGUMENT AND CITATION OF AUTHORITY

### A.   SUMMARY JUDGMENT STANDARD

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. See Brown v. Ohio Casualty Ins. Co., 239 Ga. App. 251, 519 S.E.2d 726 (1999). As directed by the Georgia Supreme Court, "[t]he burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the non-moving party's case." See Lau's Corp. v. Haskins, 261 Ga. 491, 405 S.E.2d 474 (1991). A party opposing a motion for summary judgment must come forward with affidavits or other evidence showing specifically that there is a genuine issue of fact for trial and cannot rest on mere

allegations.  See Sanders v. Fulton Nat'l Bank, 148 Ga. App. 684, 252 S.E.2d 189 (1979).  When
there is no genuine issue of material fact and the admitted facts point to the right of one party to
receive judgment as a matter of law, summary judgment should be granted.  See Sans v. Lamar
Properties, Inc., 159 Ga. App. 718, 285 S.E.2d 24 (1981); Reed v. Adventist Health Sys./Sunbelt,
181 Ga. App. 750, 353 S.E.2d 523 (1987).

## B.  NTC IS ENTITLED TO SUMMARY JUDGMENT

NTC's only involvement in this matter was the preparation of the Assignment document.
NTC claims no interest in the underlying Note, Deed, or Property.  The Complaint does not
articulate any claims as against NTC.  Notwithstanding, NTC will address all of the Counts of
Harvin's Complaint, to the extent identifiable, as may apply against NTC.  Further, Harvin's is
barred from bringing his current claims because the claims have been, or could have been, ruled
upon in previous litigation between the parties.

NTC is entitled to summary judgment and/or dismissal of the Complaint because
Harvin's claims are barred by the doctrine of collateral estoppel and res judicata.  Even if
Harvin's claims are not barred by the doctrine of collateral estoppel and res judicata, Harvin's
claims fail on the merits because: Harvin lacks standing to contest the Assignment, NTC violated
no law inputting information into an assignment template, and NTC claims no interest in the
Property.

### 1.   Harvin's claims are barred by the doctrine of collateral estoppel and res judicata.

Harvin is barred from bringing his current claims because the claims have been, or could
have been, ruled on in previous litigation between the parties.

### a. Collateral Estoppel

The doctrine of collateral estoppel "precludes the re-adjudication of an issue that has previously been litigated and adjudicated on the merits in another action between the same parties or their privies." See U.S. Micro Corp. v. Atlantix Global Systems, LLC, 278 Ga. App. 599, 602, 630 S.E.2d 416, 420 (2006). The parties to the prior action do not need to be identical, rather, they simply need be "so connected with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right." Id.; see also Bayer AG v. Biovail Corp., 279 F.3 1340, 1345 (2002) ("Collateral estoppel requires four showing: (1) the issue at stake was identical to the one involved in the prior litigation; (2) the issue had been actually litigated in the prior suit; (3) the determination of the issue in the prior litigation was a critical and necessary part of the judgment in that action; and (4) the party against whom the earlier decision is asserted had a full and fair opportunity to litigate the issue in the earlier proceeding.").

In the Federal Action, Harvin, NTC and Lance were parties. As in the case-at-bar, Harvin asserted the claims against the NTC and Lance for preparing an assignment which clouds Harvin's title. Harvin had a full and fair opportunity to litigate these issues in the Federal Action. As such, Harvin's claims against NTC and Lance for creating the assignment are collaterally estopped based upon the court's holding in the Federal Action.

### b. Res Judicata

Res judicata bars the re-litigation between the same parties of a cause of action finally determined by a court of competent jurisdiction. Not only does this doctrine extend to the questions actually decided in the prior proceedings, it also operates as a bar to the litigation of all grounds of recovery or defenses which might have been presented. See Jordan v. State, 336 Ga.

App. 345, 350, 785 S.E.2d 27, 31 (2016). The doctrine facilitates the conclusive resolution of disputes by reducing the expense and vexation attending multiple lawsuits, conserving judicial resources, and fostering reliance on judicial action by minimizing the possibility of inconsistent decisions. See Shurick v. The Boeing Co., 623 F.3d 1114, 1116(II) (11th Cir. 2010) (final judgment in Federal False Claims Act case precludes further litigation in state whistleblower case involving, among other things, "the same common nucleus of operative fact").

The common-law doctrine of res judicata is codified in this state at OCGA § 9-12-40, and for the bar to apply, "three prerequisites must be satisfied: 1) identity of the parties or their privies; 2) identity of the cause of action; and 3) previous adjudication on the merits by a court of competent jurisdiction." Brown & Williamson Tobacco Corp. v. Gault, 280 Ga. 420, 421, 627 S.E.2d 549 (2006). In the instant case, all three prerequisites are satisfied: 1) Harvin, NTC, and Lance were parties to both actions; 2) the cause of action is centered on a certain assignment between JP Morgan Chase Bank and MERS which NTC and Lance prepared at Chase's request; and 3) the Federal Court issued a binding final adjudication on the merits against Harvin.

For the foregoing reasons, all of Harvin's claims that were not explicitly ruled upon in the Federal Action are barred by the doctrine of res judicata because Harvin had a full and fair opportunity to litigate these claims in the Federal Action.

### 2. Even if Harvin's claims are not barred by prior litigation, NTC and Lance prevail on the merits

Harvin asserts several claims regarding the Assignment such as, the Assignment is a deceptive trade practice, the Assignment constitutes the unauthorized practice of law, and the Assignment is a cloud on Harvin's title. In the Federal Action the Court dismissed Harvin's challenges to this very Assignment. Aside from the Federal Court's previous ruling, Georgia law is clear that a third party does not have standing to challenge an assignment.

### a. Harvin does not have standing to contest the Assignment.

It is undisputed that Harvin was not a party to the Assignment. The Assignment was between Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for SouthTrust and Chase. "Actions on contracts must be brought in the name of the person in whom the legal interest in the contract is vested." See Accurate Printers, Inc. v. Stark, 295 Ga. App. 172, 671 S.E.2d 228 (2008), *citing* Tanner v. Tanner, 106 Ga. App. 270, 271, 126 S.E.2d 838 (1962). While a third party beneficiary to a contract may have standing to pursue an action on a contract, "[i]n order for a third party to have standing to enforce a contract under [O.C.G.A. § 9-2-20] it must clearly appear from the contract that it was intended for his benefit," and "[t]he mere fact that he would benefit from performance of the agreement is not alone sufficient." See Backus v. Chilivis, 236 Ga. 500, 502, 224 S.E.2d 370, 372 (1976). The Assignment was not intended for the benefit of Harvin; rather, it was clearly intended for the benefit of MERS as nominee for SouthTrust and Chase.

Furthermore, Georgia law is clear that a mortgagor who is not a party to an assignment of the security deed or mortgage does not have standing to challenge the validity of the assignment. See Breus v. McGriff, 202 Ga. App. 216, 216, 413 S.E.2d 538, 539 (1991); McFarland v. BAC Home Loans Servicing, LP, No. 1:11-CV-04061-RWS, 2012 WL 2205566, at *3 (N.D. Ga. June 14, 2012); Adams v. Mortgage Electronic Registration Systems, Inc., No. 1:11-CV-04263-RWS, 2012 WL 1319453, at *8 (N.D. Ga. April 16, 2012); and Rosenhaft v. BAC Home Loans Servicing, LP, No. 1:11-CV-2519-TWT, 2012 WL 484842, at *3 (N.D. Ga. February 14, 2012).

Accordingly, because Harvin was not a party to the Assignment, he does not have standing to challenge the Assignment, and therefore his claims must fail.

### b. NTC creation of the assignment violates no law

NTC and Lance violated no law in creating the assignment as referenced above.

Harvin makes a claim under Georgia's Uniform Deceptive Trade Act that NTC and Lance's preparation of the assignment is a "deceptive practice against the elderly." This claim must fail. First, even if MERS did not receive value and consideration – a claim which NTC and Lance vehemently deny – this statement is not "deceptive." Second, the false statement would not promote NTC or Lance. See Int'l Brominated Solvents Ass'n v. Am. Conference of Governmental Indus. Hygienists, Inc., 625 F. Supp. 2d 1310, 1319 (M.D. Ga. 2008) (declining to apply Georgia's Uniform Deceptive Trade Act and where a representation, even if false, was not promoted in an effort to derive a financial benefit). Finally, Harvin has not shown any damages from the "deceptive practice." Harvin faces apparent[1] foreclosure because he apparently failed to pay his mortgage, not because of any wording in the Assignment.

In addition, Harvin's assertion that NTC and Lance are practicing law is unfounded. As stated exhaustively herein, NTC and Lance were merely scriveners who entered information into a document template. NTC and Lance did not convey property, secure property, validate title, or give legal advice.

### c. Neither NTC nor Lance cloud Harvin's title.

Finally, NTC and Lance do not claim an ownership, lien, mortgage, or any other interest in the underlying Note, Deed, Property or Assignment. To the extent that the Harvin's action is a Quiet Title action, Harvin cannot maintain an action to quiet title as against NTC or Lance, as each has no interest in the Property. See Giles v. Swimmer, 290 Ga. 650, 652, 725 S.E.2d 220, 222 (2012).

---

[1] Neither NTC nor Lance have any firsthand knowledge on any foreclosure action taken against Harvin.

## III. CONCLUSION

WHEREFORE, based upon the foregoing Argument and Citation of Authority, NTC and Lance have no involvement in this matter, other than merely preparing the Assignment document. NTC and Lance claim no interest in the underlying Note, Deed, Property or Assignment. NTC and Lance were merely scriveners. Harvin has again failed, both factually and legally, to state any claims as against NTC or Lance. Accordingly, to the extent that Harvin has alleged any claims as against NTC or Lance, they should be dismissed as a matter of law with prejudice.

Respectfully submitted this 7ᵗʰday of October, 2016.

R. MICHAEL THOMPSON
Georgia State Bar No. 709325
JEREMY B. ROSS
Georgia State Bar No. 367880
D. ANDREW FOLKNER
Georgia State Bar No. 695599

For the Firm of
THOMPSON, O'BRIEN, KEMP & NASUTI, P.C.
40 Technology Parkway South, Suite 300
Norcross, Georgia 30092
(770) 925-0111 – Telephone
(770) 925-8597 – Facsimile
Attorneys for Nationwide Title Clearing, Inc. and Erika Lance

# EXHIBIT THREE

Page 1 of 1

Doc ID: 008669399000: Type: ASGN
Recorded: 10/11/2013 at 12:35:59 PM
Fee Amt: $7.00 Page 1 of 1
Rockdale County Superior Court
Ruth A. Wilson Clerk

BK 5454 PG 63

When Recorded Return To:
JPMorgan Chase Bank, NA
C/O NTC 2100 Alt. 19 North
Palm Harbor, FL 34683

Loan #: 1978933278



## ASSIGNMENT OF SECURITY DEED

Contact JPMORGAN CHASE BANK, N.A. for this instrument 780 Kansas Lane, Suite A, Monroe, LA 71203, telephone # (866) 756-8747, which is responsible for receiving payments.

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR SOUTHTRUST MORTGAGE CORPORATION, ITS SUCCESSORS AND ASSIGNS, WHOSE ADDRESS IS PO BOX 2026, FLINT, MI, 48501, (ASSIGNOR), by these presents does convey, grant, assign, transfer and set over the described Security Deed with all interest secured thereby, all liens and any rights due or to become due thereon to JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, WHOSE ADDRESS IS 700 KANSAS LANE, MC 8000, MONROE, LA 71203 (866)756-8747, ITS SUCCESSORS OR ASSIGNS, (ASSIGNEE).

Said Security Deed is executed by AL HARVIN to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR SOUTHTRUST MORTGAGE CORPORATION and recorded in Deed Book 2741, Page 248, and/or as Instrument # n/a in the office of the Clerk of the Superior Court of ROCKDALE County, Georgia.

IN WITNESS WHEREOF, the undersigned has hereunto set its hand on ___09/30___ /2013 (MM/DD/YYYY).
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR SOUTHTRUST MORTGAGE CORPORATION, ITS SUCCESSORS AND ASSIGNS

By: _____
    Barbara Watkins , ASST. SECRETARY

And: _____
     Tatinya M Jackson     ASST. SECRETARY

_____ Witness

_____ Witness
Carl Pershell

STATE OF LOUISIANA   PARISH OF OUACHITA
On ___09 , 30___ /2013 (MM/DD/YYYY), before me appeared Barbara Watkins
and Tatinya M Jackson _____ , to me personally known, who did say that he/she/they is/are the ASST. SECRETARY and ASST. SECRETARY, respectively of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR SOUTHTRUST MORTGAGE CORPORATION, ITS SUCCESSORS AND ASSIGNS and that the instrument was signed on behalf of the corporation (or association), by authority from its board of directors, and that he/she/they acknowledged the instrument to be the free act and deed of the corporation (or association).

_____
TOMMIE J NELSON
Notary Public - State of LOUISIANA
Commission expires: Upon My Death

Tommie J. Nelson
Notary I.D. #057566
Lincoln Parish, Louisiana
Commissioned for Life

N.P.
SEAL

Georgia, Rockdale County

I certify that the foregoing is a true and exact copy of that original which appears of record in this office

In witness whereof I have this day ____ of ____ 2016 affixed my seal and signature

_____
Sup. Clerk,
Rockdale Superior Court

Document Prepared By: E.Lance/NTC, 2100 Alt. 19 North, Palm Harbor, FL 34683 (800)346-9152
JPCAS 21810909 -- CHASE CJ5539997  MIN 10002170041524901 MERS PHONE 1-888-679-6377
21913093114  (C) FRMGAI

*DU003704836*


EXHIBIT
B

TO THE CLERK OF COURT

ENCLOSED IS PAYMENT OF THE FILING FEE.
AFTER THE COMPLAINT IS DOCKETED WOULD
YOU PLEASE EMAIL A COPY OF THE COMPLAINT

TO: LEGALVISIONLLC @ GMAIL. COM

EACH DEFENDANT WILL BE FORMALLY
ASKED TO WAIVER SUMMONS +
SERVICE OF PROCESS.

THANK YOU FOR YOUR ASSISTANCE.

SINCERELY

AL HARUN
IN PRO SE

17