IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALEXANDER HARVIN,<br><br>    Plaintiff,<br><br>v.<br><br>JP MORGAN CHASE, N.A., NATIONWIDE TITLE CLEARING, WARGO & FRENCH, L.P., KUTAK ROCK, L.P., and ALDRIDGE PITE, L.P.,<br><br>    Defendants. | CIVIL ACTION FILE<br><br>NO. 1:21-CV-3355-MHC |

# ORDER

This case comes before the Court on the Joint Motion to Stay Initial Discovery Deadlines ("Mot. to Stay") [Doc. 15] filed by Defendants JP Morgan Chase, N.A. ("Chase"); Kutak Rock L.P. ("Kutak"); Wargo & French, L.P. ("Wargo"); and Aldridge Pite, L.P. ("Aldridge," and, collectively, the "Moving Defendants").[1]

---

[1] The Court notes that the docket does not indicate whether Defendant Nationwide Title Clearing has yet been served or waived service.

On August 16, 2021, Plaintiff Alexander Harvin ("Harvin") filed his Civil Complaint for Money Damages and Other Relief ("Compl.") in this Court alleging violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.* and the Georgia Racketeer Influenced and Corrupt Organization Act, O.C.G.A. § 16-14-4, as well as civil conspiracy associated with a foreclosure action.  Compl. [Doc. 1] at 1.  Harvin is no stranger to this Court, and he has, in fact, filed multiple lawsuits alleging claims arising from disputes related to his mortgage loan and security deed, similar to the claims outlined in his Complaint. See, e.g., Harvin v. JP Morgan Chase Bank, N.A., No. 1:15-CV-4477-MHC, 2016 WL 9453333 (N.D. Ga. Aug. 1, 2016), aff'd, 696 F. App'x 987 (11th Cir. 2017); Harvin v. Nationwide Title Clearing, No. 1:14-CV-2130-MHC, 2015 WL 12880527 (N.D. Ga. Jan. 28, 2015).  On October 20, 2021, Kutak and Aldridge each filed a motion to dismiss the Complaint [Docs. 6, 12], and on October 25, 2021, Chase also filed a motion to dismiss [Doc. 13].  The Moving Defendants also have indicated that Wargo intends to file a motion to dismiss.  Defs.' Br. in Supp. of Mot. to Stay ("Defs.' Br.") [Doc. 15-1] at 1 n.1.

    The Moving Defendants request this Court stay the deadlines for the parties to (1) conduct their Rule 26(f) early planning conference under Local Rule 16.1, (2) file their joint preliminary report and discover plan under Local Rule 16.2, and

(3) make their initial disclosures required by Rule 26(a)(1) under Local Rule 26.1(A).  Id. at 2.  The Moving Defendants also ask this Court to "confirm by order that the Defendants are under no obligation to respond to premature discovery requests by Harvin, nor may Harvin serve further premature discovery requests" until discovery commences.  Id.; see also LR 26.2(A), NDGa ("The discovery period shall commence thirty days after the appearance of the first defendant by answer to the complaint . . . .").  The Moving Defendants contend that their motions to dismiss, if granted, would resolve Harvin's claims in their entirety and that granting their requested stay would "serve the interest of judicial economy and will prevent the parties from undue burden and unnecessary expense."  Mot. to Stay at 4.

After careful consideration of the Motion to Stay and the record in this case, the Court finds that there is good cause to stay the deadlines mentioned in the Motion until the Court on the motions to dismiss.  See FED. R. CIV. P. 6(b).  The Court has broad discretion to manage its own docket.  See Chudasama v. Mazda Motor Corp. 123 F.3d 1353, 1366 (11th Cir. 1997) (citing United States v. McCutcheon, 86 F.3d 187, 190 (11th Cir. 1996)) ("[D]istrict courts enjoy broad discretion in deciding how best to manage the cases before them.").  This includes "broad discretion to stay discovery pending decision on a dispositive motion."

Panola v. Land Buyers Ass'n v. Shuman, 762 F.2d 1550, 1560 (11th Cir. 1985) (citations omitted); see also LR 26.2B, NDGa ("The court may, in its discretion, shorten or lengthen the time for discovery.").

For the foregoing reasons, it is hereby **ORDERED** that Defendants' Joint Motion to Stay Initial Discovery Deadlines [Doc. 15] is **GRANTED**. The deadlines for the parties to (1) conduct their Rule 26(f) early planning conference (2) file their joint preliminary report and discover plan, and (3) make their initial disclosures required by Rule 26(a)(1) are hereby **STAYED** until further Order of this Court.

Further, the Court finds that Defendants are not required to respond to Harvin's interrogatories [Doc. 4] until discovery has commenced, which, absent the parties' mutual consent, is thirty (30) days after the first defendant files an answer to the Complaint. See LR 26.2(A), NDGa. The parties are **ORDERED** not to serve further discovery requests until discovery has commenced pursuant to Local Rule 26.2.

**IT IS SO ORDERED** this 27th day of October, 2021.

_____
MARK H. COHEN
United States District Judge