

MHC

# IN THE U.S. DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

### Case # 1: 21-CV-3355

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

APR 2 1 2022

KEVIN P. WEIMER, Clerk
By: [signature] Deputy Clerk

Alexander Harvin,
      Plaintiff

Jury Demand

      Vs.

JPMorgan Chase Bank, N.A.
Nationwide Title Clearing,
Wargo & French, LLP
Kutak Rock, LLP
Aldridge Pite, LLP
      Defendants

_____/

## PLAINTIFF'S VERIFIED MOTION
## FOR SUMMARY JUDGMENT

Plaintiff, Alexander Harvin submits this sworn Motion for Summary Judgment for the Court's consideration. Plaintiff says:

1. Defendant Chase has conceded that foreclosure of Harvin's property began and was completed in March 2018.

2. This foreclosure and certain acts leading up to the actual foreclosure are the subject matter of the complaint.

1

## A SECURED INTEREST WAS NEVER PURCHASED

Harvin's position is that (1) he has never obtained a mortgage loan from Chase, (2) Chase has never paid value to the owner of the debt for the right to enforce a secured interest in my property.

OCGA § 11-9-203(b)

Chase maintains that it is the owner of a secured interest in my property and infers by assumption that Chase has a loan account receivable relevant to my property on its ledger. Each defendant has filed a motion to dismiss asking the Court to hold that res judicata is applicable to the facts of this case.

Exhibits attached to the complaint show that Chase has never paid value for the right to enforce a secured interest in my property and that the Assignment refers to acts that have never occurred in the real world—the Assignment refers to fiction and is designed to deceive the judiciary.

## THESE FACTS ARE UNDISPUTED

Each defendant asserts that I cannot attack the legality of the Assignment because it is a "contract" that I am not privy to. Judge Cohen I assure you that I am not attacking this "contract", but I am showing the Court that this "contract" did not transfer or assign a secured interest in my property to Chase.

Exhibit one which is attached to the complaint is a document that was filed in Superior Court in the year 2011. This document clearly identifies Wells Fargo Bank, N.A., as the successor to Southtrust Mortgage Corporation, and tells the world that in 2011 Wells Fargo did not have a secured interest in my property.

Next, we have exhibit two which is also attached to the complaint. This document written by attorney Jeremy Ross tells us that in 2013 Chase approached NTC (1) asked NTC to draft an Assignment of Security Deed, (2) provided information to NTC that would cause the Assignment to appear to provide a secured interest in my property to Chase.

Attorney Ross also tells us that in 2013 when the Assignment was created by NTC that MERS acted as "nominee for Southtrust and Chase. Judge Cohen it appears that Attorney Ross has described a conspiracy that began with Chase and NTC [that he was clearly aware of] because he knew or should have known that in 2011 Wells Fargo told the Superior Court that as successor to Southtrust it did not have a secured interest in my property.

3

## CONCLUSION

Judge Cohen under normal circumstances a motion for summary judgment is submitted to the Court after discovery is completed. In this case the Court has stayed discovery and the defendants have chosen to not address the content of exhibits one and two that are attached to the complaint within their motion to dismiss.

Having made the strategic decision not to address these exhibits within their pleading the content of these exhibits are now undisputed facts upon which the Court may issue summary judgment.

Accordingly I propose that the Court should declare summary judgment in favor of Plaintiff and against each defendant.

Respectfully Submitted,

ALEXANDER HARVIN
In Pro Se
P. O. Box 82665
Conyers, Ga. 30013
770-841-0784
legalvisionvisionllc@gmail.com

4

## CERTIFICATE OF SERVICE

A TRUE AND CORRECT copy of this Motion for Summary Judgment was

delivered by U. S. Mail on this 18th day of April 2022, to the attorneys of record

named below:

Gregory S Krivo
McCalla Raymer Liebert Pierce
1544 Old Alabama Rd
Roswell, Ga. 30076

Shanon J. McGinnis
Wargo French LLP
999 Peachtree Street NE
26th Floor
Atlanta, Ga. 30309

John Roger Lowery
1050 Crown Pointe Parkway
Suite 1500
Atlanta, Ga. 30338

Christopher Reading
Aldridge Pite LLP
3575 Piedmont Rd NE
Suite 500
Atlanta, Ga. 30305

Jeremy Ross
1170 Peachtree Street
Suite 1925
Atlanta, Ga. 30309

**ALEXANDER HARVIN**
In Pro Se

## AD JURATORY

Plaintiff, Alexander Harvin hereby certifies that the content of this Motion for Summary Judgment is true and correct to the best of his knowledge.

SWORN TO AND SUSCRIBED before me the undersigned Notary Public

On this __19th__ day of April 2022.


_____

**ALEXANDER HARVIN**
**AFFIANT**

_____

**NOTARY PUBLIC**

expire 5/17/2025

7

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

**PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED**



UNITED STATES POSTAL SERVICE

■ Expected delivery date sp
■ Most domestic shipments
■ USPS Tracking® included
■ Limited international insu
■ When used internationally

*Insurance does not cover certain
Domestic Mail Manual at http://pe.
** See International Mail Manual at

**FLAT RATE E**
ONE RATE ■ ANY WEIG

**TRACKED ■ I**

PS00001000014

**Retail**

P  US POSTAGE PAID
**$8.95**
Origin: 30135
04/20/22
1226840221-27

**PRIORITY MAIL 1-DAY®**

0 Lb 2.70 Oz
1006

EXPECTED DELIVERY DAY:  04/21/22

C039

SHIP
TO:
75 TED TURNER DR SW
ATLANTA GA 30303-3315

**USPS TRACKING® #**

9505 5136 5149 2110 7600 30

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service, May 2020. All rights reserved.

FROM:

P. O. BOX 82665

CONYERS, GA 30013

TO:

RICHARD B RUSSELL FEDERAL BLDG

2211 UNITES STATES COURTHOUSE

75 TED TURNER DRIVE

ATLANTA, GA 30303-3309