IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ALEXANDER HARVIN,

    **Plaintiff,**

v.

JP MORGAN CHASE, N.A.;
NATIONWIDE TITLE CLEARING;
WARGO & FRENCH, L.P.; KUTAK
ROCK, L.P.; and ALDRIDGE PITE,
L.P.,

    **Defendants.**

CIVIL ACTION FILE

NO. 1:21-CV-3355-MHC

## ORDER

This case comes before the Court on Defendant Kutak Rock L.P. ("Kutak Rock")'s Motion to Dismiss [Doc. 6], Defendant Aldridge Pite, L.P. ("Aldridge")'s Motion to Dismiss [Doc. 12], Defendant JPMorgan Chase Bank, N.A. ("Chase")'s Motion to Dismiss [Doc. 13], Defendant Wargo & French, L.P. ("Wargo")'s Motion to Dismiss [Doc. 17], and Defendant Nationwide Title Clearing, LLC ("Nationwide")'s Motion to Dismiss [Doc. 33].[1] Also before the Court are

---

[1] The Court notes that although no motion has been filed to correct the errors, Kutak Rock states that it is incorrectly identified in the caption and body of the Complaint and that its full, correct name is Kutak Rock LLP. Kutak Rock's Mem. in Supp. of Its Mot. to Dismiss [Doc. 6-1] at 2 n.1. Similarly, Aldridge states that

Plaintiff Alexander Harvin ("Harvin")'s Motion to Strike ("First Mot. to Strike" or "Mot. to Strike I") [Doc. 32], Motion to Strike Nationwide's Motion to Dismiss ("Second Mot. to Strike" or "Mot. to Strike II") [Doc. 37], and Verified Motion for Summary Judgment [Doc. 42].

I.  **BACKGROUND**[2]

This case arises from Harvin's claims that Kutak Rock, Aldridge, Chase, Wargo, and Nationwide (collectively, "Defendants") collaborated to unlawfully deprive him of his property (the "Property"),[3] ultimately resulting in the March 2018 foreclosure of the Property. Compl. at 7-14. Harvin brings claims against all Defendants for (1) violation of the Racketeer Influenced and Corrupt

---

it is incorrectly identified and that its full, correct name is Aldridge Pite LLP. Aldridge's Mem. in Supp. of Mot. to Dismiss [Doc. 12-1] at 1.

[2] Because this case is before the Court on Defendants' motions to dismiss, the facts are presented as alleged in Plaintiff's Complaint [Doc. 1]. See Silberman v. Miami Dade Transit, 927 F.3d 1123, 1128 (11th Cir. 2019) (citation omitted).

[3] Although Harvin fails to specifically identify the Property in the text of his Complaint, the Court infers from the brief included as Exhibit 1 of his Complaint as well as other filings in the same previous action that Harvin's claims refer to the property located at 941 Cochise Trail SE, Conyers, GA 30094 and recorded at Deed Book 2741, page 0246 Rockdale County Records. See Compl., Harvin v. Southtrust Mortgage Corp., No. 2011-CV-1589N (Super. Ct. of Rockdale Cnty. May 4, 2011) [Doc. 13-2] ¶ 7; Am. Br. in Supp. of Def. Southtrust Mortgage Corp.'s Mot. to Dismiss, Harvin v. Southtrust Mortgage Corp., No. 2011-CV-1589N (Super. Ct. of Rockdale Cnty. Aug. 4, 2011) [Doc. 1 at 18-25] at 1-2.

Organizations Act, 18 U.S.C. § 1961, et seq. ("RICO") (Count One); (2) violation of the Georgia RICO Act (Count Two); and civil conspiracy (Count Three). Compl. at 7-14. Each of these claims is premised upon Harvin's allegations related to a security deed that Harvin executed pursuant to his purchase of the Property (the "Security Deed"). Id. at 4-6, 8-10, 12-14. Specifically, Harvin alleges that an assignment of the Security Deed to Chase (the "2013 Assignment") was fraudulent and that Chase's subsequent foreclosure of the Property was unlawful. Id.; Assignment of Security Deed [Doc. 1 at 39].

This is not the first time Harvin has brought a lawsuit based on his allegation that the 2013 Assignment was unlawful. In 2014, Harvin filed a suit against, among other defendants, Nationwide, Chase, and Wargo, asserting multiple claims based on Harvin's allegation that the 2013 Assignment was fraudulent. Harvin v. Nationwide Title Clearing, No. 1:14-CV-2130-TCB-JFK, 2014 WL 12634300, at *5 (N.D. Ga. Nov. 10, 2014) [Doc. 13-8] ("Underlying all of Plaintiff's claims is Plaintiff's allegation that the Assignment of the security deed to Chase was fraudulent."), R&R adopted, No. 1:14-CV-2130-MHC, 2015 WL 12880527 (N.D. Ga. Jan. 28, 2015), aff'd, 632 F. App'x 599 (11th Cir. 2016). In that case, the Magistrate Judge recommended that the defendants' motions to dismiss for failure to state a claim be granted. Id. at *7-9. Specifically, the Magistrate Judge found in

3

her Final Report and Recommendation ("R&R") that Harvin's allegation that the 2013 Assignment was fraudulent was without merit because (1) Harvin had no standing to challenge the 2013 Assignment, and (2) the reasons he asserted the 2013 Assignment was fraudulent were unsupported by Georgia law. Id. This Court subsequently overruled Harvin's objections to the Magistrate Judge's R&R and adopted the R&R, which was affirmed by the Eleventh Circuit. Harvin v. Nationwide Title Clearing, No. 1:14-CV-2130-MHC, 2015 WL 12880527, at *4 (N.D. Ga. Jan. 28, 2015) (hereinafter, "Harvin I") [Doc. 13-9], aff'd, 632 F. App'x 599 (11th Cir. 2016).

Other Georgia courts have found that Harvin's claims related to the 2013 Assignment are barred by res judicata or collateral estoppel. See, e.g., Order and J. Granting Mot. to Dismiss, Harvin v. Aldridge Pite, LLP, No. 2018SV1297 (State Ct. of Rockdale Cnty. May 2, 2018) [Doc. 12-2 at 47-48] at 1 ("Plaintiff's claims are barred by the doctrine of collateral estoppel, [and] the Amended Complaint fails to state a claim upon which relief may be granted against [Aldridge] . . . ."); Order Granting JPMorgan Chase Bank, N.A.'s Mot. to Dismiss, Harvin v. Aldridge Pite, LLP, No. 2018SV1297 (State Ct. of Rockdale Cnty. Apr. 25, 2018) [Doc. 13-23] at 1-2 ("Plaintiff's breach of contract claim is barred by claim preclusion, because Plaintiff previously raised or could have raised the claim in his

4

prior actions against Chase, including [Harvin I] . . . ."); Order Granting Def. JPMorgan Chase Bank, N.A.'s Mot. to Dismiss, No. 2018-CV-2529 (Super. Ct. of Rockdale Cnty. Dec. 3, 2019) [Doc. 13-24] at 1-3 ("Plaintiff's unjust enrichment claim is also barred by claim preclusion or res judicata. Plaintiff previously sued Chase in [Harvin I] . . . alleging, among other things, that Chase submitted false claims to HUD for mortgage insurance payments. . . . Because Plaintiff's present unjust enrichment claim concerns the same loan, insurance claims and payments, banks, and investors, Plaintiff could have asserted his unjust enrichment claim in the Federal Court Action. Thus, the claim is barred by claim preclusion."); see also Order, Harvin v. Gov't Nat'l Mortgage Assoc. Pool #594726, No. 1:17-CV-5538-MHC (N.D. Ga. Feb. 20, 2018) [Doc. 13-17] at 5-6 (denying a temporary restraining order on other grounds, but also noting that "Harvin fail[ed] to show how his claims would not be barred by res judicata, given the previous filings and decisions in Harvin I and [Harvin v. JP Morgan Chase Bank, N.A., No. 1:15-CV-04477-MHC-JFK, 2016 WL 9450467, (N.D. Ga. June 28, 2016) (subsequent history omitted)]"). Once again, Harvin has brought claims arising from his belief that the 2013 Assignment is invalid.[4] Citing to pleadings from prior lawsuits

---

[4] The Court notes that Harvin's litigation history regarding similar claims is, in fact, even lengthier than detailed herein. See, e.g., Compl., Harvin v. Southtrust Mortgage Corp., No. 2011-CV-1589N (Super. Ct. of Rockdale Cnty. May 4, 2011)

Harvin filed concerning the Security Deed and the Property, none of which were resolved in Harvin's favor, Harvin now contends that Defendants have engaged in a years-long conspiracy involving fraud and misrepresentations to Georgia courts regarding the validity of the 2013 Assignment. Compl. at 3-14.

## II.  HARVIN'S MOTIONS TO STRIKE

The Court will first address Harvin's motions to strike. At the outset, the Court recognizes that motions to strike are only vehicles for challenging matters contained in the pleadings. See FED. R. CIV. P. 12(f) (providing that "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter"). Harvin's request is improperly characterized as a motion to strike because such motions may be made only regarding pleadings. Motions to dismiss pursuant to Rule 12(b) are not pleadings within the meaning of Rule 12(f) as defined by Rule 7(a). See FED. R. CIV. P. 7(a); see also Circle Grp., L.L.C. v. Se. Carpenters Reg'l Council, 836 F. Supp. 2d 1327, 1347, 1349 (N.D.

---

[Doc. 13-2]; Pet. to Establish Title Against All the World, Harvin v. Merscorp, Inc., No. 2013-CV-1120M (Super. Ct. of Rockdale Cnty. Jan. 28, 2013) [Doc. 13-4]; Am. Pet. to Establish Title Against All the World, Harvin v. Nationwide Title Clearing, No. 2016-CV-1850 (Super. Ct. of Rockdale Cnty. Aug. 9, 2016) [Doc. 13-18].

6

Ga. 2011) (stating that Rule 12(f) "applies to pleadings, not to motions or briefs filed in support of motions").

Moreover, even if the Court were to consider the arguments in Harvin's motions to strike, they are without merit. His First Motion to Strike essentially seeks to have this Court disregard any arguments regarding the doctrine of res judicata; however, his arguments are premised upon Harvin's same, unsupported allegations that the Defendants' filings in prior cases as well as their defenses are fraudulent and unreliable. Mot. to Strike I at 1-3. Harvin has provided no evidence or legal authority to support this argument. See id. In his Second Motion to Strike, Harvin requests that this Court disregard Nationwide's Motion to Dismiss in its entirety "on the basis that the Court lacks jurisdiction to entertain that pleading." Mot. to Strike II at 1. It appears that Harvin then attempts to address some of the arguments made in Nationwide's Motion to Dismiss, but he again provides no support for the relief sought in his motion. See id. at 2-3. Accordingly, Harvin's First Motion to Strike and Second Motion to Strike are **DENIED**.

### III. LEGAL STANDARD FOR MOTION TO DISMISS

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to

relief." Under Federal Rule of Civil Procedure 12(b)(6), a claim will be dismissed for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Supreme Court has explained this standard as follows:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citation omitted). Thus, a claim will survive a motion to dismiss only if the factual allegations in the pleading are "enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

At the motion to dismiss stage, the court accepts all well-pleaded facts in the plaintiff's complaint as true, as well as all reasonable inferences drawn from those facts. McGinley v. Houston, 361 F.3d 1328, 1330 (11th Cir. 2004); Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). Not only must the court accept the well-pleaded allegations as true, but these allegations must also be construed in the light most favorable to the pleader. Powell v. Thomas, 643 F.3d 1300, 1302 (11th Cir. 2011). However, the court need not

accept legal conclusions, nor must it accept as true legal conclusions couched as factual allegations. Iqbal, 556 U.S. at 678. Thus, evaluation of a motion to dismiss requires the court to assume the veracity of well-pleaded factual allegations and "determine whether they plausibly give rise to an entitlement to relief." Id. at 679.

## IV.  DEFENDANTS' MOTIONS TO DISMISS

Defendants have each filed motions to dismiss Harvin's Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Each Defendant has argued, *inter alia*, that Harvin's claims are barred by the doctrine of res judicata. Kutak Rock's Mem. in Supp. of Its Mot. to Dismiss [Doc. 6-1] at 6-8; Chase's Br. in Supp. of Mot. to Dismiss [Doc. 13-1] at 14-16; Aldridge's Mem. in Supp. of Mot. to Dismss [Doc. 12-1] at 7-8; Wargo's Mot. to Dismiss at 3-5; Nationwide's Mot. to Dismiss at 4 (adopting and incorporating by reference arguments of co-defendants and noting "that the only bases for Plaintiff's purported claims against [Nationwide] is the preparation of the underlying 2013 assignment document (which has been litigated and adjudicated in [Nationwide]'s favor multiple times and in multiple venues), and [Nationwide]'s actions in

9

defending the frivolous sundry of actions brought by Plaintiff.").[5] This Court agrees.

The doctrine of res judicata is invoked to bar the filing of claims which were raised or could have been raised in an earlier proceeding. Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999). There are multiple purposes behind the doctrine of res judicata, including to ensure that adversaries are protected from "the expense and vexation attending multiple lawsuits," to conserve judicial resources, and to "foster[] reliance on judicial action by minimizing the possibility of inconsistent decisions." Id. (citation and quotation omitted). A claim will be barred by res judicata if the party asserting the doctrine demonstrates the presence of the following four elements: (1) there was a final judgment on the merits in the earlier case; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are

---

[5] Harvin filed two responses to Defendants' motions to dismiss; however, he fails to provide any reason why res judicata should not apply to his claims in either response. See Harvin Resp. to Mot. to Dismiss [Doc. 25]; Pl. Resp. to NTC Mot. to Dismiss [Doc. 41]. Instead, in both filings Harvin merely reiterates his prior assertions that he was never indebted to Chase and that the 2013 Assignment was fraudulent or a legal fiction. Harvin Resp. to Mot. to Dismiss at 1-9; Pl. Resp. to NTC Mot. to Dismiss at 1-3.

identical in both suits; and (4) the same causes of action are involved in both cases. Batchelor-Robjohns v. United States, 788 F.3d 1280, 1285 (11th Cir. 2015).

> When determining whether the causes of action are the same for purposes of *res judicata*, we consider whether the primary right and duty are the same in each case. Although we have described the "rights and duties" test as the "principal" *res judicata* test, we have stressed that courts must also consider the factual context of each case along with the "rights and duties" at issue. In general, even if the rights and duties at issue are distinct, where a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, the two cases constitute the same "claim" or "cause of action" for purposes of *res judicata*. When applying the "same nucleus of operative fact" test, we "look to the factual issues to be resolved in the second lawsuit between the parties and compare them with the issues explored in the first lawsuit.

Id. at 1285-86 (citations and quotations omitted, alteration accepted).

"Although *res judicata* is not a defense under Rule 12(b), and generally should be raised as an affirmative defense under Rule 8(c), . . . it may be raised in a Rule 12(b)(6) motion where the existence of the defense can be determined from the face of the complaint." Solis v. Global Acceptance Credit Co., L.P., 601 F. App'x 767, 771 (11th Cir. 2015) (citing Concordia v. Bendekovic, 693 F.2d 1073, 1075 (11th Cir. 1982)); 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2004) (noting that affirmative defenses such as "the barring effect of res judicata and related preclusion principles" have been considered by federal courts on a 12(b)(6) motion to

11

dismiss). As Defendants have presented res judicata in a Rule 12 motion to dismiss, this Court will first address whether the record before the Court affords sufficient information to support the dismissal of the complaint on the grounds of res judicata. Concordia, 693 F.2d at 1075 (citing Guam Inv. Co. v. Cent. Bldg., Inc., 288 F.2d 19, 24 (9th Cir. 1961) ("It appears to us that before an action may be summarily dismissed on the ground of *res judicata* the ends of justice require as a minimum that the defense of *res judicata* appear from the face of the complaint or that the record of the prior case be received in evidence.")). Here, Aldridge and Chase have attached to their respective motions to dismiss copies of the pleadings and orders relevant to Defendants' arguments that res judicata bars Harvin's claims [Docs. 12-2 at 37-56, 13-2 through 13-24]. Accordingly, the Court finds the record before it is sufficient to consider the merits of Defendants' res judicata arguments.

Upon consideration of the merits, the Court finds that Harvin's claims against all Defendants are barred by res judicata, particularly arising from Harvin I. First, Harvin I resulted in a dismissal with prejudice pursuant to Rule 12(b)(6) which is a final judgment on the merits of the claims against Nationwide, Chase, and Wargo. Harvin v. Nationwide Title Clearing, 2015 WL 12880527, at *4; see also Solis, 601 F. App'x at 770 (finding that a district court's dismissal under Rule 12(b)(6) was a final disposition on the merits of the case for the purposes of

12

applying res judicata). It is also undisputed that the Harvin I dismissal was rendered by this Court, a court of competent jurisdiction.

In addition, the parties in Harvin I are either identical to or in privity with Defendants in the present action. Specifically, Nationwide, Chase, and Wargo are identical parties because they were all named defendants in Harvin I. Further, Aldridge and Kutak Rock were in privity with the named defendants in Harvin I. Although a nonparty is not typically bound by a judgment in another proceeding, "[a] court may apply nonparty preclusion if . . . a substantive legal relationship existed between the person to be bound and a party to the judgment . . . ." Griswold v. Cnty. of Hillsborough, 598 F.3d 1289, 1292 (11th Cir. 2010) (citing Taylor v. Sturgell, 553 U.S. 880, 894-95 (2008)). Here, the claims against both Aldridge and Kutak Rock are premised upon their representation of Chase in legal proceedings related to Harvin's present claims. See Compl. at 6 ("Defendant Aldridge Pite was retained by Chase to conduct a non-judicial foreclosure. Aldridge Pite knew or should have known that Defendant Chase did not have a secured interest in [Harvin's] property . . . ."), ("Defendant Kutak Rock has conspired with Chase to deprive Plaintiff of his property. . . . Kutak Rock has argued [before Georgia courts] that the Assignment is valid, and that Plaintiff has no standing to challenge the Assignment."). Accordingly, the Court finds that

13

Aldridge and Kutak Rock were in privity with Chase in <u>Harvin I</u> based on their substantial legal relationship with Chase in relation to the <u>Harvin I</u> claims.

Finally, the Court finds that Harvin's present claims constitute the same cause of action enumerated in <u>Harvin I</u> because they arise from the same nucleus of operative fact and are premised upon resolution of the same factual issue: whether the 2013 Assignment was valid. See <u>Batchelor-Robjohns</u>, 788 F.3d at 1286 (quoting <u>Ragsdale</u>, 193 F.3d at 1239) ("[W]here a case 'arises out of the same nucleus of operative fact, or is based upon the same factual predicate,' as a former action, the two cases constitute the same 'claim' or 'cause of action' for purposes of res judicata.").

## V.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Plaintiff Alexander Harvin's Motion to Strike [Doc. 32] and Motion to Strike Nationwide's Motion to Dismiss [Doc. 37] are **DENIED**. It is further **ORDERED** that Defendant Kutak Rock, L.P.'s Motion to Dismiss [Doc. 6], Defendant Aldridge Pite, L.P.'s Motion to Dismiss [Doc. 12], Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss [Doc. 13], Defendant Wargo & French, L.P.'s Motion to Dismiss [Doc. 17], and

Defendant Nationwide Title Clearing, LLC's Motion to Dismiss [Doc. 33] are **GRANTED**.[6]

The Clerk is **DIRECTED** to **CLOSE** this case.

**IT IS SO ORDERED** this 27th day of April, 2022.

_/s/ Mark H. Cohen_
MARK H. COHEN
United States District Judge

---

[6] Because the Court grants Defendants' motions to dismiss for failure to state a claim, Harvin's Verified Motion for Summary Judgment [Doc. 42] is **DENIED AS MOOT**.

15